EDINS v. GUNBY et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 26, 1912. Rehearing Denied Nov. 16, 1912.)

1. APPEAL AND ERROR (§ 548*)—PRESENTATION FOR REVIEW—STATEMENT OF FACTS—FINDINGS OF FACT.

In the absence of a statement of facts, the trial court's findings of fact and the sufficiency of the evidence to sustain such findings could not be reviewed, where it did not appear that he committed any error in applying the law to his conclusion of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

2. TRIAL (§ 395*) — FINDINGS—CONCLUSION OF LAW.

On a finding of fact that a party assumed the payment of notes, it followed as a matter of law that he was bound on such assumption.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 927–934, 939; Dec. Dig. § 395.*]

Error from District Court, Grayson County; B. L. Jones, Judge.

Action by J. P. Gunby and another against T. J. Edins and others. Judgment against T. J. Edins, and he brings error. Affirmed.

Kirby and Davidson, of Abilene, for plaintiff in error. Abney & Hassell, of Sherman, for defendants in error.

RASBURY, J. This is a suit for damages for breach of contract to sell, buy, and exchange certain lands. The issues were submitted to the district judge upon the law and facts, and his findings of fact are as follows:

"From the testimony adduced on the trial of the above cause, the court finds as facts the following:

"First. That about March 10, 1910, plaintiffs and defendant Edins entered into the following contract: 'Gunby & Abney agree to sell the 955-acre tract of land in Callahan county, Texas, known as the Bates place to T. J. Edins in consideration that said Edins

assume the $7,500.00 or thereabout outstanding against said property, which notes said Edins here now assumes, and 2 houses and lots in Abilene; one at the corner of South 2nd. and Butternut Sts., and the other at No. 236 Elm St., and $250 due in 12 months at 10 per cent. int. from date secured by 2nd. lien on said Bates farm, each party to furnish complete abstract to the property sold. The above is agreed to. Deeds to be made by April 1st, 1910. Gunby & Abney, by H. P. Abney. T. J. Edins.' That thereafter, to wit, April 9, 1910, said Gunby & Abney and T. J. Edins entered into the following contract: 'The State of Texas, County of Taylor. This contract, performable at Sherman, Texas, and entered into by I. P. Gunby and Hamp P. Abney, of Sherman, Texas, hereinafter called parties of the first part, and T. J. Edins of Abilene, Texas, hereinafter called parties of the second part, witnesseth: Parties of the first part sell to party of the second part 956 acres of land, known as the Bates place, situated about three miles southeast from Elmdale, in Callahan county, Texas, in consideration that the party of the second part will pay off and discharge $7,528.50 evidenced by three notes, originally executed and payable to N. S. Rees of Itasca, Texas, together with interest thereon, amounting in all to about $8,500.00, which payment is to be as follows: Said party of the second part will arrange a loan as a first lien against said land for $5,000.00; that he will execute his note to the parties of the first part for $2,500.00, payable December 1st, 1910, bearing eight per cent. per annum from date and secured by the second lien on said land, and will pay $1,000.00 in cash, and in addition thereto, will convey to the parties of the first part a lot 100 x 140 feet situated at the corner of Butternut and South Second streets in Abilene, Texas, and a lot 50 x 140 feet on Elm street in the said town of Abilene, Texas. Said parties of the first part agree to take said property above described in payment for said lien and to accept said note in all things as set out in paragraph No. 1. There is an indebtedness of about $1,000.00 against the two lots above described, situated in Abilene, agreed to be conveyed to said parties of the first part by party of the second part. The party of the second part is to pay said indebtedness against said lots not later than December 1st, 1910, and in order to secure the parties of the first part against the payment of said indebtedness, party of the second part agrees to execute his note to parties of the first part for the same amount as there is now existing against said lots in Abilene, Texas, bearing the same rate of interest and to secure said amount by a second lien subject to $1,000.00 on 160 acres of land situated about 14 miles north of Abilene and about three miles northeast of Hawley, Texas, said 160 acres

of land being the same land sold to T. J. Edins by one Barnett, situated in Jones county, Texas. It is understood and agreed that when the said Edins pays off and discharges the indebtedness against the two lots in Abilene, Texas, above referred to, then the parties of the first part will release the lien against the 160-acre tract of land in Jones county above referred to. The $1,000.00 cash above referred to is to be obtained through a loan on the 160-acre tract of land above mentioned. Each party will furnish to the other a complete abstract of title showing good merchantable title in the seller to the respective tracts of land agreed herein to be sold, and deeds shall pass and be delivered not later than April 25th, 1910. Each party agrees to execute deeds at once to the respective tracts mentioned and place same with the First State Bank & Trust Company of Abilene, Texas, until abstracts are examined. Witness our signatures, this contract being in duplicate, this April 9th, 1910. [Signed] I. P. Gunby, Hamp Abney, Parties of the First Part. Witnesses: John L. Burns.'

"Second. That Gunby and Abney executed a deed conveying the Bates' place April 13, 1910, and on same date forwarded said deed, together with complete abstract, to the First State Bank & Trust Company of Abilene, Tex., by express. That said deed and abstract so forwarded by Gunby & Abney reached Abilene April 18, 1910.

"Third. That Edins never at any time executed a deed to Gunby & Abney conveying the property in Abilene, nor did he ever furnish complete abstract to any of said property either to the First State Bank & Trust Company of Abilene or to Gunby & Abney or to any one of them.

"Fourth. That, at the time the contracts entered into by Gunby & Abney and Edins, N. S. Rees of Itasca, Tex., was the owner and holder of two notes of $2,509.50, and W. C. Eubank was the owner and holder of a note for $2,909.50, which note held by Eubank was executed originally and payable to N. S. Rees, but had been legally transferred to and held by said W. C. Eubank. That all of said notes were past due, and that said Edins knew of the existence of said notes when said contract of sale was entered into by him, and that they were past due.

"Fifth. That on April 16, 1910, N. S. Rees sued on the two notes held by him in the district court of Callahan county, Tex., seeking to foreclose his lien securing the notes which he held against the Bates' place.

"Sixth. That soon after the institution of the suit by Rees on his notes Gunby & Abney were notified of such suit by E. B. Bynum & Co. of Abilene, Tex., and request was made of them by Bynum & Co. to pay off the court costs and attorney's fees accrued on account of said suit, and that Gunby & Abney refused to do so.

"Seventh. That the value of the Bates place was $12.50 per acre, or $11,950, and that the amount of principal and interest due on the Rees and Eubank notes was $8,500, and that the value of the lot at corner of South Second and Butternut streets in Abilene was $2,250, and that the value of the Elm street property in Abilene was $1,750."

Upon the facts as found by the court judgment was rendered against plaintiff in error Edins for $550, and in favor of certain other defendants in the court below, concerning which latter action of the court no complaint is made.

[1] All of the assignments of the plaintiff in error bring into question in one way or another the action of the court in entering the decree it did enter. There is no statement of facts in the case, and hence the rule so often announced that, in the absence of a statement of facts, the findings of the trial judge are presumed on appeal to be correct, and to be supported by sufficient competent evidence, applies, unless, of course, it appears that the trial judge has committed error of law in applying same to his conclusions of fact. Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852. The errors assigned by plaintiff in error in his brief, however, do not attack the application of the law to the facts found, but of a verity attack the conclusions of fact.

The first assignment of error asserts that the court erred "in finding as a fact that the defendant assumed the payment of the two Rees notes with full knowledge of their condition and assumed the risk of suit being filed thereon at any time." The assignment speaks for itself, and clearly challenges the correctness of the trial judge in finding as a fact that plaintiff in error assumed payment of the two Rees notes, etc. For us to review the assigned error, it is necessary for the evidence adduced to be before us in order for us to determine whether such a conclusion was fairly deducible therefrom. Kimball v. Houston Oil Co., supra.

[2] The second assignment of error complains that the court erred as a matter of law in holding that plaintiff in error assumed the Rees notes, etc., as just stated. As a matter of course if plaintiff in error, as the trial judge found, assumed payment of the notes, it follows as matter of law that he would be bound on such assumption, and that said assignment does not show an erroneous application of the law to the facts.

The third assignment of error complains that the court erred in holding as a matter of law that "by the terms of the contract * * * Edins assumed and promised to pay the two notes held by Rees and the one held by Eubanks, and that he (plaintiff in error) was legally bound for the payment thereof." The record does not sustain this assignment. The court found that the parties executed the contract incorporated in the court's conclusions of fact, and found as an additional fact "that all of said notes [meaning those described in the assignment of error] were past due, and that said Edins knew of the existence of said notes when said contract of sale was entered into and that they were past due." Thus it will be seen that this assignment also involves the correctness of the conclusions of the court upon the facts, unaccompanied by a statement of facts.

What we have said applies to the plaintiff in error's fourth, fifth, and sixth assignments of error.

The judgment of the trial court is affirmed.